UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                           :

In re:                                            :        Chapter 11

CCT COMMUNICATIONS, INC.,                 :        Case No. 07-10210 (SMB)

                         Debtor.              :

-------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR REARGUMENT

**A P P E A R A N C E S:**

ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.
Former Attorneys for the Debtor
875 Third Avenue
New York, New York 10022

       A. Mitchell Greene, Esq.
              Of Counsel


WILEY REIN LLP
Former Special Telecommunications and Litigation
  Counsel for the Debtor
1776 K Street, N.W.
Washington, D.C. 20006

       Andrew McBride, Esq.
       Bennett L. Ross, Esq.
       Howard Anglin, Esq.
           Of Counsel

    -- and --

7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102

       H. Jason Gold, Esq.
       Dylan G. Trache, Esq.
           Of Counsel

Dean Vlahos, Pro Se
640 Federal Road
Brookfield, CT 06804

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

  Dean Vlahos, the debtor's sole shareholder, has moved for reconsideration of the Court's <u>Memorandum Decision Regarding Final Fee Applications by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and Wiley Rein LLP</u>, dated Aug. 24, 2010 ("<u>Fee Opinion</u>") (ECF Doc. # 298). The motion challenges the Court's refusal to appoint a fee examiner, or alternatively, conduct an evidentiary hearing. The motion is denied for the reasons that follow.

  The background to the current dispute is discussed in the Fee Opinion, familiarity with which is assumed. In brief, the debtor retained Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") as general bankruptcy counsel, and filed a chapter 11 petition on January 29, 2007. The principal focus of the chapter 11 case involved a dispute between the debtor and Global Crossing Telecommunications, Inc. ("Global Crossing"). The dispute related to agreements under which Global Crossing agreed to provide telecommunication services to the debtor.

  In July 2007, Global Crossing commenced an adversary proceeding against the debtor. The litigation implicated telecommunications law, and the debtor retained Wiley Rein LLP ("Wiley Rein") to advise the debtor with respect to telecommunications issues. Robinson Brog continued to serve as lead litigation counsel as well as general bankruptcy counsel. Wiley Rein eventually assumed the laboring oar, and by order dated December 19, 2007, Wiley Rein became the lead litigation counsel.

2

After both firms withdrew, they filed fee applications. Vlahos filed a thirty-four page objection that consisted of fifteen specifically-designated objections.[1] In addition, the Vlahos Objection attached approximately 200 pages of exhibits, consisting mostly of time records marked up by hand and keyed to the specific objections. Objection No. 1 asked the Court to appoint a fee examiner. (Vlahos Objection at 20.) In its initial application to retain Wiley Rein, the debtor stated that it did not anticipate that the employment of two firms would result in any "appreciable duplication of services," and would "avoid, to the extent possible, any duplication of effort between them." (Id. at 8–9.) Yet each firm's fee application stated that the firm had spent a substantial amount of time dealing with the Global Crossing adversary proceeding. (Id. at 20.) According to the Vlahos Objection:

> Even a cursory review of both firms time sheets, and more notably those of Robinson Brog's, indicates that there was no effort whatsoever to avoid duplication of efforts. Indeed, most of Robinson Brog's time entries relate to "conferences" with Wiley Rein and internally, and "review" of Adversary proceeding documents and emails from Wiley Rein (but generally with no action taken on the part of Robinson Brog). Rather than appearing to have taken measures to avoid duplication of efforts, the applications evidence that virtually everything was duplicated between the two firms, with Robinson Brog acting as Wiley Rein's shadow, providing no obvious value-add to the Debtor or the estate.

(Id. at 21.) In the alternative, Vlahos asked the Court to conduct an evidentiary hearing. (Id. at 1, 4, 5, 34.)

The Court examined the pleadings and the time records, and reduced the requested awards substantially. The Court specifically addressed the objection relating to too many

---

[1] See Objection of Equity Security Holder Dean Vlahos to the Application and Supplemental Application of Robinson Brog Leinwand Greene Genovese & Gluck P.C. as and for Its Second Interim Award of Compensation, and to Wiley Rein's Final Application for Allowance of Fees and Costs and Request for Appointment of Fee Examiner or Alternatively for Evidentiary Hearing, dated May 18, 2009 ("Vlahos Objection") (ECF Doc. # 175).

3

inter-firm conferences, also raised in Objection No. 11.  The Court observed that the nature of chapter 11 often requires conferences between general and special counsel, and observed that "[t]he debtor decided to engage both general and special counsel in this case, and communication and coordination between the two sets of counsel is as necessary as it is inevitable."  (Fee Opinion at 21.)

      However, the Court denied Vlahos' request for the appointment of an examiner:

> As an initial matter, Vlahos's request to appoint a fee examiner is denied.  Vlahos has conducted a meticulous and thorough review of the applicants' time records, and has attached marked up versions of the time records that key his objections to specific entries.  The Court has also reviewed the time records.  Under the circumstances, the appointment of a fee examiner would be an unnecessary expense.

(Id. at 9.)  The Court did not specifically address Vlahos' alternative request to conduct an evidentiary hearing, but the Fee Opinion concluded that "to the extent not previously discussed, I conclude the balance of Vlahos Objection lacks merit and is overruled."  (Id. at 23.)

      After appropriate orders were entered, Vlahos filed the pending Motion of Equity Security Holder Dean Vlahos Pursuant to Bankr. R. 9023 and Fed. R. Civ. P. 59 to Alter or Amend and for Reconsideration of the Order and Decision Granting in Part and Denying in Part the Fee Application of Wiley Rein, dated Nov. 1, 2010 (the "Motion") (ECF Doc. # 306).  He argues that the Fee Opinion did not address his alternative request for an evidentiary hearing, (Id. at ¶¶ 4, 12), and should have appointed a fee examiner (or conducted an evidentiary hearing) to deal with the duplication question because he could not.  (Id. at ¶¶ 8, 10, 15.)  Furthermore, in refusing to appoint a fee examiner or order an evidentiary hearing, the Court mistakenly relied on the fact that Vlahos had provided

4

evidence to support Objection Nos. 6 through 15, but the duplication objection "was a general objection requiring more detail than could be gleaned from the time records in order to determine the degree of overlap and duplication of efforts." (Id. at ¶¶ 11–13.)

## DISCUSSION

Local Bankruptcy Rule 9023-1(a) governs motions for reargument,[2] and imposes the same standards as motions to alter or amend judgments under FED. R. CIV. P. 59(e), made applicable to this contested matter by FED. R. BANKR. P. 9023. In re Bressler, No. 06-11897, 2007 WL 951661, at *1 (Bankr. S.D.N.Y. Mar. 27, 2007); cf. Greenwald v. Orb Commc'ns & Mktg., Inc., No. 00 Civ. 1939, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) ("The standards governing motions to alter or amend judgments pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same.")[3]; Interbank Funding Corp., 2007 WL 2080512, at *2 n.5 (same); Randall's Island Family Golf Ctrs., 290 B.R. at 61 n.4 (same). The movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." In re Best Payphones, Inc., No. 01-15472, 2008 WL 2705472, at *3 (Bankr. S.D.N.Y. July 3, 2008) (citation omitted); Anglo Am. Ins. Grp.,

---

[2] Local Bankruptcy Rule 9023-1(a) states:

> A motion for reargument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 14 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

[3] Local Bankruptcy Rule 9023-1(a) is an adaptation of Civil Rule 6.3 of the Local District Court Rules. IBF Fund Liquidating, LLC v. Chadmoore Wireless Grp. (In re Interbank Funding Corp.), No. 07-1482, 2007 WL 2080512, at *2 n.5 (Bankr. S.D.N.Y. July 19, 2007); Family Golf Ctrs. v. Acushnet Co. and Fortune Brands (In re Randall's Island Family Golf Ctrs., Inc.), 290 B.R. 55, 61 n.4 (Bankr. S.D.N.Y. 2003); see also Local Rule 9023-1 cmt.

5

P.L.C. v. CalFed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996) (quoting Morser v. AT & T Info. Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)); accord Banco de Seguros del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), aff'd, 344 F.3d 255 (2d Cir. 2003); Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); Farkas v. Ellis, 783 F. Supp. 830, 832–33 (S.D.N.Y. 1992), aff'd, 979 F.2d 845 (2d Cir. 1992). Alternatively, "the movant must demonstrate the need to correct a clear error or prevent manifest injustice." Griffin Indus., 72 F. Supp. 2d at 368 (internal quotation marks and citations omitted); accord Banco de Seguros del Estado, 230 F. Supp. 2d at 428.

The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. Best Payphones, Inc., 2008 WL 2705472, at *3; Griffin Indus., 72 F. Supp. 2d at 368; Monaghan v. SZS 33 Assocs., L.P., 153 F.R.D. 60, 65 (S.D.N.Y. 1994); Farkas, 783 F. Supp. at 832. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Best Payphones, Inc., 2008 WL 2705472, at *3 (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (discussing Rule 59)); accord Griffin Indus., 72 F. Supp. 2d at 368 (discussing motions for reargument).

### 1.    The Appointment of an Examiner

As noted, the Court addressed the request for an examiner and denied it. Vlahos has not identified any controlling legal principle that I overlooked; "fee examiners" are not even provided for by the Bankruptcy Code and there is no rule or standard mandating

their appointment. Vlahos has also failed to identify any material factual matters that I overlooked. He reasons that there must be duplication because both applications admit that the firms spent the vast majority of their time on the Global Crossing litigation. Furthermore, the only way to deal with the prima facie duplication was to appoint an examiner or conduct a hearing.

That both firms spent the majority of their time working on the Global Crossing litigation is unremarkable. This bankruptcy case was filed and prosecuted primarily to deal with the Global Crossing dispute. Vlahos, the debtor's sole shareholder, hired both firms to work on the litigation. Until the switchover, Robinson Brog was lead counsel and Wiley Rein served in a support capacity as special telecommunications counsel. Even after Wiley Rein assumed the primary responsibility as lead counsel, Robinson Brog remained as general bankruptcy counsel. I do not infer that the two firms performed duplicative services simply because both rendered the majority of their services in connection with the Global Crossing dispute.

Furthermore, the Court did not mistakenly assume that Vlahos had marked the time records to highlight duplicative services. Rather, the reference to his meticulous preparation, which included the marked objections, was intended to show that he had studied the time records carefully and had ample opportunity to identify any deficiencies. In fact, he had provided marked records to support Objection No. 11 regarding too many conferences. The Fee Opinion noted that the Court had also reviewed the time records, and under the circumstances, a third review by a fee examiner was an unnecessary

7

expense.[4]  To date, Vlahos has failed to identify <u>any</u> time entries his cursory review disclosed that evidence avoidable duplication.[5]

### 2. The Evidentiary Hearing

The Court did not deal directly with Vlahos' alternative request to conduct an evidentiary hearing, and instead, rejected his remaining arguments as lacking merit.  The Vlahos Objection mentioned an evidentiary hearing four times other than in the title. (<u>See</u> <u>Vlahos Objection</u> at 1, 4, 5, 34.)  In each instance, it was mentioned as an alternative to a fee examiner without separate discussion.  The Vlahos Objection did not cite any controlling law, much less the two decisions he now contends required an evidentiary hearing, (<u>see</u> <u>Motion</u> at ¶ 14), and hence, cannot contend that I overlooked this case law. <u>See</u> <u>Carolco Pictures Inc. v. Sirota</u>, 700 F. Supp. 169, 170 (S.D.N.Y. 1988); <u>In re Vargas Realty Enter. Inc.</u>, No. 09-10402, 2009 WL 2929258, at *3 (Bankr. S.D.N.Y. July 23, 2009).

More telling, the Motion fails to explain what an evidentiary hearing would accomplish.  Presumably, it would afford Vlahos an opportunity to cross-examine Robinson Brog and Wiley Rein about their time records and possible duplication.  Vlahos never sought any discovery after the firms filed their fee applications either pursuant to FED. R. BANKR. P. 2004 or the disclosure rules relating to contested matters.  As noted, he has not identified a single time entry suggesting avoidable or unnecessary duplication, and has not framed a single question that he would have liked to put to either firm.

---

[4]   In fact, there was no estate to pay for an examiner.  The case had been dismissed on November 25, 2009, and the dismissal revested the property of the estate in the debtor.  11 U.S.C. § 349(b)(3).

[5]   As the Fee Opinion observed, the debtor decided to proceed with two sets of lawyers, and cannot complain about the fact that they met or conferred to coordinate their work.

8

In short, Vlahos has failed to meet the standards for reargument. In addition to what was discussed above, he has also failed to show a "clear error" or a "manifest injustice." Accordingly, his motion for reargument is denied.

So ordered.

Dated: New York, New York
       January 22, 2011

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge